COURT OF APPEALS OF VIRGINIA

Present: Judges Coleman, Willis and Bray
Argued at Norfolk, Virginia

TRACY LARMONT JOHNSON

v.          Record No. 0941-94-1          MEMORANDUM OPINION[*]
                                     BY JUDGE SAM W. COLEMAN III
COMMONWEALTH OF VIRGINIA                  AUGUST 1, 1995

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
William F. Rutherford, Judge

(Robert E. Frank, on brief), for appellant.

Eugene Murphy, Assistant Attorney General
(James S. Gilmore, III, Attorney General,
on brief), for appellee.


Tracy Larmont Johnson was convicted of distribution of cocaine and distribution of cocaine within one thousand feet of a school. He contends that the prosecution unconstitutionally exercised its peremptory challenges to remove black persons from the venire. We hold that the trial court did not err in finding that the prosecutor offered facially neutral, nondiscriminatory reasons for exercising her strikes. Therefore, we affirm the convictions.

During jury selection, the Commonwealth's attorney peremptorily struck three black persons from the venire, Gerald Parker, James Graham, and Elsie Stewart. The appellant made a Batson motion, stating:

I think after the strikes for cause, we ended up with a panel that was almost evenly

---
[*] Pursuant to Code § 17-116.010 this opinion is not designated for publication.

split black and white.  Of course, we have a black defendant here, and three of the Commonwealth's strikes were of blacks.  I think that in and of itself raises an issue about the fairness of the panel, and we challenge it on those grounds.

The trial judge then asked the prosecutor to give her reasons for striking the black members of the venire.

The Commonwealth's attorney explained that she struck Gerald Parker because he was a convicted felon, regardless of the fact that the governor had restored his civil rights.  She stated that she struck James Graham because he did not have a job, was a student, and was the youngest person on the panel.  Explaining Graham's strike, she stated that, in general, students tend to involve themselves in drugs more than working people and have a more liberal attitude about drug use.  Finally, the Commonwealth's attorney stated that she struck Elsie Stewart because Stewart's son had been prosecuted for a crime and Stewart sounded as though she was denying her son's responsibility for the events.  The Commonwealth's attorney further explained that her strike of Stewart was based on a similar unsatisfactory experience with a mother serving on a jury while her son was charged with a felony.

A defendant is constitutionally entitled to a jury panel whose members have been selected on a racially nondiscriminatory basis.  Batson v. Kentucky, 476 U.S. 79, 85-86 (1986).
"The defendant must make a prima facie showing that the prosecutor has exercised peremptory strikes on the basis of race." Powers v. Ohio, 499 U.S. 400, 409 (1991).

-2-

> "If this showing is made, the burden shifts
> to the prosecutor to articulate a racially
> neutral explanation for striking the jurors
> in question."  Batson, 476 U.S. at 96-97.
> "If the court determines that the proffered
> reasons are . . . [race and gender] neutral,
> the defendant should be afforded an
> opportunity to show why the reasons, even
> though facially . . . neutral, are merely
> pretextual and that the challenged strikes
> were based on race [or gender]."  United
> States v. Joe, 928 F.2d 99, 103 (4th Cir.
> 1991).  "But, ultimately, the trial court
> must determine whether the defendant has
> carried his burden of proving purposeful
> discrimination."  Batson, 476 U.S. at 98.

Robertson v. Commonwealth, 18 Va. App. 635, 637-38, 445 S.E.2d 713, 714 (1994).

Assuming that the defense made a prima facie showing that the prosecution exercised her peremptories on the basis of race, the burden was on the prosecution to "articulate a neutral explanation related to a particular case to be tried."  Batson at 96-98.  A prosecutor may base the peremptory challenge decision on such considerations as age, Barksdale v. Commonwealth, 17 Va. App. 456, 460, 438 S.E.2d 761, 764 (1993) (reh'g en banc), or even hunches or personal experience, State v. Harris, 842 S.W.2d 953, 955 (Mo. App. 1992), as long as the reason is not purposeful or deliberate exclusion from the jury on account of race.  Batson at 84.  "Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral."  Purkett v. Elem, 115 S. Ct. 1769, 1771 (May 15, 1995) (citing Hernandez v. New York, 500 U.S. 352, 360 (1991)).

"If a race neutral explanation is tendered the trial court

must then decide [] whether the opponent of the strike has proved purposeful racial discrimination." Purkett, 115 S. Ct. at 1770-71. The trial court's decision on the question of discriminatory intent is a finding of fact. Barksdale, 17 Va. App. at 460, 438 S.E.2d at 764. "Deference to trial court findings . . . makes particular sense in this context because evaluation of the prosecutor's state of mind based on demeanor and credibility lies peculiarly within a trial judge's province." Barksdale, 17 Va. App. at 460, 438 S.E.2d at 764 (quoting Hernandez v. New York, 500 U.S. 352, 365 (1991) (citation omitted)). "[W]e consistently have given deference to a trial court's findings during jury voir dire, and will not disturb those findings absent a showing of manifest error or abuse of discretion." Faison v. Hudson, 243 Va. 397, 402, 417 S.E.2d 305, 308 (1992).

The trial court did not err in finding that the prosecutor offered facially neutral, nondiscriminatory reasons for striking Parker, Graham, and Stewart from the venire. Her reasoning focused on criminal background, age, past experience, and demeanor of the potential jurors. Having articulated race-neutral criteria, there is "nothing left to review." Hernandez, 500 U.S. at 367. We find no error or abuse of the trial court's discretion.

We, therefore, affirm the decision of the trial court.

Affirmed.