COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Bumgardner
Argued at Richmond, Virginia


SERGIO EMMANUEL HAYES, A/K/A
 ANDRE O. JULIAN
                                   MEMORANDUM OPINION[*] BY
v.        Record No. 2529-97-2     JUDGE JERE M. H. WILLIS, JR.
                                        SEPTEMBER 22, 1998
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                   James B. Wilkinson, Judge

          Sa'ad El-Amin (El-Amin & Crawford, on brief),
          for appellant.

          Jeffrey S. Shapiro, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Sergio Emmanuel Hayes contends that the trial court erred in

denying his challenge to the Commonwealth's exercise of

peremptory strikes against four African-American veniremen.  See

Batson v. Kentucky, 476 U.S. 79 (1986).  We find no reversible

error and affirm the judgment of the trial court.

                              I.

     Hayes, an African-American, was charged with abduction,

carjacking, and use of a firearm in the commission of a felony.

During jury selection, the Commonwealth peremptorily struck four

African-Americans from the venire, which consisted of eleven

whites and nine African-Americans.  The resulting jury consisted

of seven whites and five African-Americans.  Hayes moved the

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

trial court to review the Commonwealth's peremptory strikes pursuant to Batson.  The trial court ruled that Hayes had established a prima facie showing and required the Commonwealth to explain its reasons for the strikes.  The prosecutor replied as follows:

> [T]he Commonwealth's case is based on principal in the second degree, so it's sort of a technical legal issue, and I want to make sure that we have people that appear by their occupations, which is all I have to go by, appear to have some sort of educational background.  I've gone through a process of elimination -- the people that I happened to strike seem -- do not have the educational background that the other people have.

The prosecutor explained that Alpheus Patterson's employment as a toll collector and Myra Bellamy's employment with Good Humor/Breyers suggested that they had limited educations.  He said that he struck Mary Griffin because her employment with a nursing home "would not indicate a strong educational background," and because she appeared "to be strong willed and determined, and that, in my experience, can be dangerous either way."  He stated that he struck Glynis Gayles because she "was looking around the courtroom some" during voir dire, and was unemployed "which with all else equal indicates she might not have the same educational background."

Hayes argued that the education level of the selected white jurors was not apparent and could not be inferred reasonably from their listed occupations.  He noted that the white jurors included William Stark, an eighteen-year-old student, and

Madeline Brown, a fifty-six-year-old historic tour guide and housewife.

The trial court denied Hayes' Batson motion and seated the jury.  During sentencing deliberations, the trial court permitted Hayes to record additional facts concerning the composition of the jury.  In addition to Stark and Brown, the white jurors included:  (1) Cynthia Fauber, occupation not indicated in the record; (2) Fred Finn, a merchant; (3) Jimmy Gray, a maintenance worker; (4) Steve Quillman, a non-destructive inspector; and (5) Andrew VanDerren, a sales representative.[1]  The occupations of the African-American jurors were not made a part of the record.

II.

A.

To preserve a defendant's "right to be tried by a jury whose members are selected pursuant to nondiscriminatory criteria," the parties to a criminal proceeding are prohibited from using peremptory challenges to strike prospective jurors "solely on account of their race."  Batson, 476 U.S. at 85-86, 89.  See Georgia v. McCollum, 505 U.S. 42, 54-55 (1992).

When a defendant challenges the prosecution's use of peremptory strikes on equal protection grounds, the trial court must employ a three-step process to determine whether a Batson

---

[1]Hayes asserts that Patsy Dorman, a juror, is white. However, the record does not indicate that she is white.  At trial, defense counsel listed the names of the seven white members of the jury.

violation has occurred.  First, "[the] defendant must . . . establish a _prima_ _facie_ showing that the peremptory strike was made on the basis of race."  Buck v. Commonwealth, 247 Va. 449, 450-51, 443 S.E.2d 414, 415 (1994) (citation omitted).  Once the challenger has established a _prima_ _facie_ showing, the proponent of the strike must proffer a race-neutral explanation.  See _id._ at 451, 443 S.E.2d at 415 (citation omitted).

> "At this [second] step of the inquiry, the issue is the facial validity of the prosecutor's explanation.  Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral."

Purkett v. Elem, 514 U.S. 765, 768 (1995) (quoting Hernandez v. New York, 500 U.S. 352, 360 (1991) (plurality opinion)).

Finally, "the trial court must consider the basis of the challenges, the reasons proffered for the strikes, and any argument presented that such reasons, even if race-neutral, are pretextual, to determine whether the challenger has met his burden of proving purposeful discrimination in the selection of a jury panel."  Chandler v. Commonwealth, 249 Va. 270, 277, 455 S.E.2d 219, 223 (1995) (citation omitted).

> A "trial court's decision on the ultimate question of discriminatory intent represents a finding of fact of the sort accorded great deference on appeal," and this decision will not be reversed unless clearly erroneous. This standard of review logically recognizes the trial court's unique opportunity to observe and evaluate "the prosecutor's state of mind based on demeanor and credibility" in the context of the case before the court.

Robertson v. Commonwealth, 18 Va. App. 635, 639, 445 S.E.2d 713, 715 (1994) (citations omitted).

## B.

The trial court's denial of Hayes' motion was not clearly erroneous. The trial court correctly found that Hayes had established a prima facie showing of racial discrimination and required the Commonwealth to explain its peremptory strikes. The prosecutor explained that the case involved difficult legal concepts and that he exercised his strikes based upon the venire members' demeanor and apparent level of education. The trial court concluded that the reasons offered by the prosecutor were race-neutral and should be believed.

Occupation, education and demeanor during voir dire are proper race-neutral considerations in exercising peremptory strikes. See Stockton v. Commonwealth, 241 Va. 192, 208-09, 402 S.E.2d 196, 205-06 (1991); Goodson v. Commonwealth, 22 Va. App. 61, 81, 467 S.E.2d 848, 858 (1996). The prosecutor justified his strikes of Griffin and Gayles noting, in part, their demeanor during voir dire. A prosecutor's use of peremptory challenges is not so circumscribed as to require seating persons expressing a "strong will" or displaying a penchant for idle gazing. The quest for a jury free from the taint of racial or gender discrimination does not require a party to abandon subjective criteria in exercising peremptory strikes. Indeed, "the approach best expressed by the familiar phrase '[t]here but for the grace

of God go I' remains a standard and permissible justification for peremptory strikes." United States v. McMillon, 14 F.3d 948, 953 (4th Cir. 1994). See also Batson, 476 U.S. at 99 n.22.

The prosecutor explained that based on the information available to him, the struck veniremen appeared to be less educated than the other members of the venire. The selected white jurors included a mechanic, an inspector, a sales representative, a historic tour guide, a student and a merchant. While we cannot say that these pursuits necessarily require a higher level of education than a position in a toll collection booth or an ice cream facility, or that the struck jurors were less educated than the selected jurors, neither can we say that the prosecutor's opinion that this was the case was unreasonable. See Winfield v. Commonwealth, 12 Va. App. 446, 452-53, 404 S.E.2d 398, 402 (1991), aff'd en banc, 14 Va. App. 1049, 421 S.E.2d 468 (1992).

Hayes bears the burden of showing that the prosecutor's facially neutral "reasons were merely pretextual and that race was the real reason for the strike." McMillon, 14 F.3d at 953. See Robertson, 18 Va. App. at 638, 445 S.E.2d at 715. He produced no evidence to that effect. Based upon its observation of the venire during voir dire and its view of the prosecutor's credibility and demeanor, the trial court determined that the prosecutor's reasons for the strikes were race-neutral and believable. The record supports this conclusion.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>
