COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Willis and Senior Judge Cole
Argued at Richmond, Virginia


BOBBY DEAN RITCHIE

                                     MEMORANDUM OPINION[*] BY
v.    Record No. 1251-98-4       JUDGE JERE M. H. WILLIS, JR.
                                            JULY 20, 1999
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      Leslie M. Alden, Judge

         Mark Bodner for appellant.

         Steven A. Witmer, Assistant Attorney General
         (Mark L. Earley, Attorney General, on brief),
         for appellee.


     On appeal from his jury trial convictions of possession of

a controlled drug with the intent to distribute and distribution

of a controlled drug, in violation of Code § 18.2-248, Bobby

Dean Ritchie contends that the trial court erred in sustaining

the Commonwealth's peremptory strike of the only

African-American venireman without receiving a particularized

and racially neutral explanation.  We find no error and affirm

the judgment of the trial court.

     Ritchie is African-American.  The Commonwealth exercised

one of its peremptory strikes to remove from the jury Tricia

Jefferson, the only African-American member of the venire.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Defense counsel objected to the strike, arguing that a prospective juror may not be removed by peremptory strike solely on the basis of race.  See Batson v. Kentucky, 476 U.S. 79, 89 (1976).  The Commonwealth's attorney explained that he struck Jefferson because she was not a landowner and that he would have struck a white venireman who also was not a landowner, had defense counsel not previously struck him.

Where a race-based strike is alleged,

> [a] defendant must first establish a prima facie showing that the peremptory strike was made on the basis of race.  At that point, the burden shifts to the prosecution to produce explanations for striking the juror which are race-neutral.  Even if race-neutral, the reasons may be challenged by the defendant as pretextual.  Finally, the trial court must decide whether the defendant has carried his burden of proving purposeful discrimination by the prosecutor in selecting the jury panel.  On appeal, the trial court's findings will be reversed only if they are clearly erroneous.

Buck v. Commonwealth, 247 Va. 449, 450-51, 443 S.E.2d 414, 415 (1994) (citations omitted).

The Commonwealth's attorney's explanation that he struck Jefferson because she was not a landowner in the county is facially race-neutral.  No evidence suggested that this explanation was a pretext for removing her because of race.  The Commonwealth's attorney further explained that he wanted to strike a white male non-landowner, and would have, had the defense not struck him first.  "'Unless a discriminatory intent

- 2 -

is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral.'" Purkett v. Elem, 514 U.S. 765, 768 (1995) (citation omitted). The trial court's finding that the Commonwealth's race-neutral explanation was bona fide is entitled to great deference, as the trial court is in the unique position "to observe and evaluate 'the prosecutor's state of mind based on demeanor and credibility' in the context of the case then before the court." Robertson v. Commonwealth, 18 Va. App. 635, 639, 445 S.E.2d 713, 715 (1994) (citation omitted).

We affirm the judgment of the trial court.

Affirmed.

Benton, J., dissenting.

On voir dire, Jefferson was one of several venire persons who indicated that a family member had been the victim of a crime. In response to defense counsel's questioning, Jefferson said "[her] mom had her purse stolen from her office . . . three or four years ago." The parties asked no other questions of her. The prosecutor used his peremptory challenge to remove Jefferson, the only African-American person on the venire, and later justified removing her by stating she was not "a landowner" in the county. When asked by the judge, "[w]hat does that have to do with it?," the prosecutor suggested that Jefferson's non-landowner status concerned her "interest in what goes on in Fairfax County."

Because the prosecutor's exercise of peremptory challenges is subject to the command of the Fourteenth Amendment, the Supreme Court has clearly stated that "[t]he prosecutor . . . [, when called upon to explain this challenge,] must articulate a neutral explanation related to the particular case to be tried." Batson v. Kentucky, 476 U.S. 79, 98 (1986) (footnote omitted) (emphasis added). See also Jackson v. Commonwealth, 8 Va. App. 176, 185, 380 S.E.2d 1, 3, aff'd on reh'g en banc, 9 Va. App. 169, 384 S.E.2d 343 (1989). The reason stated by the prosecutor for removing Jefferson had no bearing on the case to be tried, but it has profound implications for systemically excluding Jefferson and other racial minorities.

- 4 -

> When any large and identifiable segment of the community is excluded from jury service, the effect is to remove from the jury room qualities of human nature and varieties of human experience, the range of which is unknown and perhaps unknowable. It is not necessary to assume that the excluded group will consistently vote as a class in order to conclude, as we do, that its exclusion deprives the jury of a perspective on human events that may have unsuspected importance in any case that may be presented.

Peters v. Kiff, 407 U.S. 493, 503-04 (1972) (footnote omitted).

"The Equal Protection Clause guarantees the defendant that the State will not exclude members of his race from the jury venire on account of race, or on the false assumption that members of his race as a group are not qualified to serve as jurors." Batson, 476 U.S. at 86 (citation omitted) (footnote omitted). By accepting the reason stated by the prosecutor in this case, "[t]his Court again sends the message that in Virginia any reason will suffice to remove African-Americans from juries so long as the prosecutor does not admit on the record race as the reason and the trial judge blindly accepts the prosecutor's assertion that race was not the reason." Buck v. Commonwealth, 16 Va. App. 551, 561, 432 S.E.2d 180, 186 (1993) (en banc) (Benton, J., dissenting), aff'd, 247 Va. 449, 443 S.E.2d 414 (1994). I again dissent.