COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Clements and Senior Judge Hodges
Argued at Chesapeake, Virginia


RENARD C. FIELDS

                                  MEMORANDUM OPINION[*] BY

v.    Record No. 2192-99-1       JUDGE RICHARD S. BRAY
                                    OCTOBER 3, 2000

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Rodham T. Delk, Jr., Judge

Christopher P. Reagan, Assistant Public
Defender, for appellant.

Thomas M. McKenna, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Renard C. Fields (defendant) was convicted by a jury for malicious wounding and a related firearm charge. On appeal, defendant, an African-American, complains that the trial court erroneously permitted the Commonwealth to exercise race-based peremptory challenges in violation of Batson v. Kentucky, 476 U.S. 79 (1986). We disagree and affirm the convictions.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to a disposition of the appeal.

_____

    * Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

An accused enjoys the "right to be tried by a jury whose members are selected pursuant to nondiscriminating criteria."  Id. at 85-86.  Thus, the exercise of a peremptory challenge to strike "potential jurors solely on account of their race" violates the Equal Protection Clause of the United States Constitution.  Id. at 89.  The protocols that govern determination of a Batson motion are well established.

> The opponent of a peremptory challenge must establish a prima facie case of discrimination (step 1); once a prima facie case is made, the burden of production shifts to the proponent of the strike to produce a race-neutral or, as in this case, a gender-neutral explanation (step 2); if a neutral explanation is proffered, the trial court must then decide whether the opponent of the strike has met its burden and proved purposeful discrimination (step 3).

Riley v. Commonwealth, 21 Va. 330, 333, 464 S.E.2d 508, 509 (1995) (citations omitted).

In assessing the prosecutor's explanation at step 1, assuming a prima facie case of discrimination, "'the issue is the facial validity . . . [and] [u]nless a discriminatory intent is inherent in the . . . explanation, the reason offered will be deemed race neutral.'"  Purkett v. Elem, 514 U.S. 765, 768 (1995) (citing Hernandez v. New York, 500 U.S. 352, 360 (1991)).  The prosecution's reasoning need not be "persuasive, or even plausible[,]" only race neutral as a matter of law.  Id.  If found race neutral, the inquiry proceeds to the third step, requiring defendant "'to show both that [the race neutral

-

explanations] were merely pretextual and that race . . . was the real reason'" for the strike.  Robertson v. Commonwealth, 18 Va. App. 635, 638, 445 S.E.2d 713, 715 (1994) (citation omitted).

Thus, generally, "the decisive question" before the trial court ultimately becomes "whether counsel's race neutral explanation for a peremptory challenge should be believed" and, "once that has been settled, there seems nothing left to review."  Hernandez, 500 U.S. at 365, 367.  Such determination constitutes a factual finding by the trial court, accorded "'great deference on appeal'" and disturbed only if unsupported by the evidence.  Barksdale v. Commonwealth, 17 Va. App. 456, 460, 438 S.E.2d 761, 763 (1993) (en banc) (citations omitted).

Here, following the court's finding of prima facie "racially discriminatory challenges" by the Commonwealth, the prosecutor offered racially neutral explanations for each disputed strike, including the proximity of addresses provided by two venirepersons and certain defense witnesses.  In response, defense counsel was admittedly uncertain whether the addresses were "near," recalling only the venirepersons in issue had not expressed recognition of any witness previously disclosed to the panel by the court.

In overruling the motion, the trial court accepted the prosecutor's representations, "as an officer of the court," concluding that the explanations were race neutral and not pretextual, findings properly supported by the record.

-

Accordingly, we affirm the convictions.

Affirmed.