COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, Clements and Agee
Argued at Richmond, Virginia


HAYWOOD MARCUS ROBINSON

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1011-01-2           JUDGE ROBERT J. HUMPHREYS
                                         SEPTEMBER 24, 2002
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                 Margaret P. Spencer, Judge

        William P. Irwin, V (Bowen, Bryant,
        Champlin & Carr, on brief), for appellant.

        John H. McLees, Senior Assistant Attorney
        General (Jerry W. Kilgore, Attorney General;
        Jennifer R. Franklin, Assistant Attorney
        General, on brief), for appellee.


    Haywood Marcus Robinson appeals his convictions, after a jury

trial, for murder, malicious wounding, breaking and entering with

intent to commit robbery or murder, and use of a firearm to commit

murder and malicious wounding.  Robinson contends that the trial

court erred in finding the prosecutor enunciated race-neutral

bases for its use of peremptory strikes for five black members of

the venire.  For the reasons that follow, we affirm Robinson's

convictions.

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.  Further, because this opinion has
no precedential value, we recite only those facts essential to
our holding.

Robinson raised a Batson motion after the Commonwealth utilized each of its five peremptory challenges to strike five of the eight black jurors who were part of the 23-member venire. Specifically, Robinson stated, "the record will reflect the defendant is black.  Eight of the twenty-three prospective jurors are black.  All five of the Commonwealth's strikes are used to strike blacks."

The trial court stated that it did not "believe" Robinson had asserted a sufficient prima facie case of discrimination but, nevertheless, it directed the Commonwealth to state its rationale for each of the strikes.  After the Commonwealth stated its rationale for the strikes, the trial court denied Robinson's motion.  Robinson raised no objection to the court's ruling, nor did he further argue the issue.

On appeal, Robinson contends the trial court erred in overruling the Batson motion.  We disagree.

We recognize the well-reasoned rule that a defendant is constitutionally entitled to a jury panel whose members have been selected on a racially nondiscriminatory basis.  Batson v. Kentucky, 476 U.S. 79, 85-86 (1986).  Indeed,

> [i]n Batson, the Supreme Court stated the requirements for establishing a prima facie case of purposeful discrimination in the selection of a petit jury.  The Court held that to establish such a prima facie case[:]
>
> "the defendant first must show that he is a member of a cognizable racial group . . . and that the prosecutor has exercised

-

peremptory challenges to remove from the venire members of the defendant's race. Second, the defendant is entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits 'those to discriminate who are of a mind to discriminate.' . . . Finally, the defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race."

Johnson v. Commonwealth, 259 Va. 654, 674, 529 S.E.2d 769, 780 (2000) (quoting Batson, 476 U.S. at 96).

Thus,

[a] defendant must first establish a prima facie showing that the peremptory strike was made on the basis of race. At that point, the burden shifts to the prosecution to produce explanations for striking the juror which are race-neutral. Even if race-neutral, the reasons may be challenged by the defendant as pretextual. Finally, the trial court must decide whether the defendant has carried his burden of proving purposeful discrimination by the prosecutor in selecting the jury panel.

Buck v. Commonwealth, 247 Va. 449, 450-51, 443 S.E.2d 414, 415 (1994) (citations omitted).

Contrary to the implication raised by Robinson, the mere fact that the prosecution has excluded African-Americans by using peremptory strikes does not itself establish a prima facie case under Batson. Batson, 476 U.S. at 96. Instead, a defendant must identify facts and circumstances that raise an inference that potential jurors were excluded based on their race. Id.

-

We first note the apparent conflict in the trial court's ruling concerning whether Robinson established a prima facie case of discrimination. The trial court initially stated that it "believed" Robinson had failed to assert the appropriate prima facie showing of purposeful discrimination. Nevertheless, the trial court continued the analysis as if Robinson had established a prima facie case, by shifting the burden of production to the Commonwealth, requiring it to state its rationale for the manner in which it exercised its peremptory challenges. In light of this facially conflicting analysis, we assume, without deciding, that Robinson established a prima facie case of purposeful discrimination under Batson and address the merits of his claim on appeal.

The prosecutor first explained that she struck two of the venire members due to their criminal records. This Court has held that striking potential jurors because they have a criminal record is an objective, race-neutral reason. See Langhorne v. Commonwealth, 13 Va. App. 97, 107, 409 S.E.2d 476, 482 (1991).[1]

Further, we have recognized that striking a venireman because he or she lives near the scene of the crime, as long as the purpose is based upon a rational, race-neutral explanation, is a clear, specific non-racial reason for striking the potential

---

[1] Indeed, Robinson conceded during oral argument that the prosecutor properly struck from the panel the members who had criminal records.

-

juror.  See Taitano v. Commonwealth, 4 Va. App. 342, 347, 358 S.E.2d 590, 592-93 (1987) (holding that the prosecutor's concern with the fact that the jurors lived near the defendant or near the scene of the crime, or in areas of "high crime," as well as his consideration of their age, dress, and demeanor, was a sufficiently race-neutral explanation).  Here, the prosecutor stated that she struck a third member of the venire because of the venire-woman's residence near the crime scene.  In particular, the prosecutor struck her due to the violent nature of the crime and the potential for her to be intimidated in reaching a finding concerning the murder of one of her neighbors.

Moreover, we have found that striking jurors because they exhibit certain negative body language can also be an adequate, race-neutral explanation in the appropriate circumstances.  See Goodson v. Commonwealth, 22 Va. App. 61, 81, 467 S.E.2d 848, 858 (1996) ("Age, education, employment, and demeanor during voir dire may constitute race-neutral explanations for a peremptory strike."); see also Robertson v. Commonwealth, 18 Va. App. 635, 640, 445 S.E.2d 713, 716 (1994).  The prosecutor explained that she chose to strike the remaining two venire members because of the negative body language they exhibited during her presentation and voir dire of the venire.

> A "trial court's decision on the ultimate question of discriminatory intent represents a finding of fact of the sort accorded great deference on appeal," and this decision will not be reversed unless clearly erroneous.

-

> This standard of review logically recognizes
> the trial court's unique opportunity to
> observe and evaluate "the prosecutor's state
> of mind based on demeanor and credibility"
> in the context of the case then before the
> court.

Goodson, 22 Va. App. at 81, 467 S.E.2d at 858 (quoting

Robertson, 18 Va. App. at 639, 445 S.E.2d at 715).  Accordingly,

we find that the trial court's decision on the ultimate decision

of discriminatory intent in this matter was not "clearly

erroneous".

In addition, as stated above,

> [i]n determining whether the Commonwealth's
> use of peremptory strikes is racially
> motivated, "the trial court must consider
> the basis of the challenges, the reasons
> proffered for the strikes, and any argument
> presented that such reasons, even if
> race-neutral, are pretextual, to determine
> whether the challenger has met his burden of
> proving purposeful discrimination in the
> selection of a jury panel."

Goodson, 22 Va. App. at 81, 467 S.E.2d at 858 (quoting Chandler

v. Commonwealth, 249 Va. 270, 277, 455 S.E.2d 219 (1995)).

Thus, Robinson's argument that the trial court improperly ended

its determination without considering whether the prosecutor's

reasons were pretextual is without merit.

Indeed, once the prosecutor produced evidence of

race-neutral rationale, Robinson remained charged with the

burden of proving "that these facts and any other relevant

circumstances raise[d] an inference that the prosecutor used

[the stated] practice to exclude the veniremen . . . on account

-

of their race."  <u>Batson</u>, 476 U.S. at 96.  Robinson raised no such allegation and/or evidence of pretext.  Thus, the trial court did not commit error in failing to consider the issue. <u>See</u> <u>Riley v. Commonwealth</u>, 21 Va. App. 330, 464 S.E.2d 508 (1995) (holding that a trial court must specifically rule on a defendant's allegation of pretext, when such an argument is raised).

Based upon the above, we will not disturb the trial court's finding that the prosecutor's explanations for striking the five potential jurors were race-neutral, and we affirm Robinson's convictions.

<u>Affirmed.</u>