COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Felton, Judges Kelsey and McClanahan
Argued at Salem, Virginia


DAVID EUGENE HUFF

                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 2371-09-3               CHIEF JUDGE WALTER S. FELTON, JR.
                                                          OCTOBER 19, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Charles J. Strauss, Judge

Glenn L. Berger (Berger & Thornhill, on brief), for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Kenneth T. Cuccinelli, II, Attorney General, on brief), for appellee.


        David Eugene Huff (appellant) was convicted by a jury of solicitation to commit murder

in violation of Code § 18.2-29.  On appeal he asserts that the trial court erred in denying his

Batson[1] motion, arguing that the Commonwealth unconstitutionally exercised its peremptory

challenges to remove four men from the venire.  For the following reasons, we disagree and

affirm the conviction.

        Because the assigned error relates solely to procedural aspects of the proceeding below,

we recite only those facts necessary to resolve the issue present in this appeal.  Appellant was

charged with soliciting a fellow jail inmate to kill his ex-wife.  At trial, the Commonwealth and

appellant each peremptorily struck members of the venire.  The Commonwealth struck four men

from the venire.  The record does not reflect which members appellant struck from the venire.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Batson v. Kentucky, 476 U.S. 79 (1986).

After the parties completed their respective peremptory strikes, the jury was composed of seven men and five women. Appellant objected to the Commonwealth's peremptory strikes, arguing that they were discriminatory. Appellant's counsel argued:

> We would submit that this is a case involving a man who is being tried for an offense allegedly against a woman, and we would submit that their decision to strike only men from the jury panel is suspect, and we object to their elimination of only men from the jury panel.

The Commonwealth then provided the trial court with gender-neutral reasons for its striking each of the four men from the venire. Appellant made no additional comments or arguments regarding the Commonwealth's explanations for its peremptory strikes. The trial court found the Commonwealth's peremptory strikes were not discriminatory. Appellant made no further objections concerning the make-up of the jury panel.

"'On appellate review, the trial court's conclusion regarding whether reasons given for the strikes are [non-discriminatory] is entitled to great deference, and that determination will not be reversed on appeal unless it is clearly erroneous.'" Avent v. Commonwealth, 279 Va. 175, 196, 688 S.E.2d 244, 256 (2010) (quoting Jackson v. Commonwealth, 266 Va. 423, 437, 587 S.E.2d 532, 543 (2003)).

> "When a defendant raises a challenge based on Batson, he must make a *prima facie* showing that the peremptory strike was made on [prohibited discriminatory] grounds. At that point, the burden shifts to the prosecution to produce [non-discriminatory] explanations for striking the juror. The defendant may then provide reasons why the prosecution's explanations were pretextual and the strikes were discriminatory regardless of the prosecution's stated explanations. Whether the defendant has carried his burden of proving purposeful discrimination in the selection of the jury is then a matter to be decided by the trial court."

Id. at 196-97, 688 S.E.2d at 256 (quoting Jackson, 266 Va. at 436, 587 S.E.2d at 542). These principles apply to discrimination based on gender. J.E.B. v. Alabama ex. rel. T.B., 511 U.S.

127, 140 (1994) ("Discriminatory use of peremptory challenges may create the impression that the judicial system has acquiesced in suppressing full participation by one gender or that the 'deck has been stacked' in favor of one side.").

"Clearly, Batson's 'proof structure' requires a defendant, confronted with a facially neutral explanation for a prosecutor's peremptory strikes, 'to show *both* that these reasons were merely pretextual *and* that race [or gender] was the real reason.'" Robertson v. Commonwealth, 18 Va. App. 635, 638, 445 S.E.2d 713, 715 (1994) (quoting United States v. McMillon, 14 F.3d 948, 953 (4th Cir. 1994)). In Robertson, the defendant argued on appeal that the Commonwealth's explanations for striking venirepersons were "unsupported or contradicted by the record." Id. at 640, 445 S.E.2d at 716. However, because Robertson did not present those arguments to the trial court, we concluded that Rule 5A:18 barred our consideration of that claimed error and concluded that those contentions by Robertson would not be considered for the first time on appeal. Id. Similarly, in Avent, the Supreme Court noted that "it was incumbent upon Avent to demonstrate that the reasons advanced by the Commonwealth for striking these potential jurors 'were purely a pretext for unconstitutional discrimination.'" 279 Va. at 197, 688 S.E.2d at 256 (quoting Juniper v. Commonwealth, 271 Va. 362, 407, 626 S.E.2d 383, 412 (2006)).

Here, appellant argues for the first time on appeal that the Commonwealth's explanations for its peremptory strikes were "partial and vague." However, appellant did not present the arguments he makes on appeal to the trial court. Like the defendant in Avent, appellant "did not offer any evidence or argument [to the trial court] that the Commonwealth's proffered rationale behind the [four] strikes challenged in this appeal were pretextual." Id. We will not consider for the first time on appeal appellant's contentions of trial court error not addressed by the trial court. Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal

- 3 -

unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.").[2] Appellant does not argue that we should invoke either the good cause or ends of justice exceptions to Rule 5A:18. See Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997). The Court will not consider Rule 5A:18 exceptions *sua sponte*. Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (en banc).

Accordingly, we conclude from the record on appeal that the trial court did not err in denying appellant's Batson motion and we affirm the conviction.

Affirmed.

---

[2] Effective July 1, 2010, Rule 5A:18 was revised to state that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ." Because the proceedings below were completed prior to this revision taking effect, we will rely on the language of Rule 5A:18 that was then in effect.