UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Huff and Senior Judge Coleman
Argued at Richmond, Virginia


ALONZO THOMPSON, S/K/A
 ALONZO LAMAR THOMPSON

                                                    MEMORANDUM OPINION* BY
v.      Record No. 2131-12-2                        JUDGE ROBERT P. FRANK
                                                    NOVEMBER 26, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHARLOTTE COUNTY
Joel C. Cunningham, Judge

Joseph E. Taylor, Jr. (Taylor Law Firm, on brief), for appellant.

Lauren C. Campbell, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


        Alonzo Thompson, s/k/a Alonzo Lamar Thompson, appellant, was convicted, in a bench

trial, of malicious wounding in violation of Code § 18.2-51.  On appeal, he contends the evidence is

insufficient to show either the *actus reus* or *mens rea* of the offense.  Essentially, he argues the

evidence is insufficient to prove he was the perpetrator and that he possessed the requisite criminal

intent.  For the reasons stated, we affirm.

                                    BACKGROUND

        On September 4, 2010, J.H. was hosting her wedding reception at the Keysville Fire Hall

in Charlotte County.  J.H. had applied for and received a permit to serve alcohol at the event.

Several announcements were made during the reception that anyone not invited, or anyone less

than twenty-one years of age, must leave the premises by 9:00 p.m. pursuant to the alcohol

permit.  J.H. testified that appellant attended the reception, although he was not invited.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

After 9:00 that evening, it came to J.H's attention that appellant was still outside the reception hall.  J.H. observed appellant fighting with her cousin and "another whole other bunch of boys."  In the course of telling appellant and the others that they had to stop fighting and leave, appellant punched J.H. twice in the mouth with his closed fist.  J.H. suffered cuts to her upper and lower lips, causing profuse bleeding and swelling.  One cut sliced through her lip; the other left a piece of skin missing from her upper lip.  Her injuries resulted in eventual permanent scarring.

Deputy W.K. Booth responded to the emergency call made by one of the guests at the reception.  When Deputy Booth arrived, J.H. was still bleeding.  He photographed her injuries, and the photographs were admitted into evidence at trial.

Kenneth Friend testified on behalf of appellant.  He stated that J.H.'s father invited him and some of his friends, including appellant, to the reception.  He testified he never saw appellant and J.H. together that evening.

## ANALYSIS

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).  Also, "[g]reat deference must be given to the factfinder who, having seen and heard the witnesses, assesses their credibility and weighs their testimony." Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 871 (1998).  When a defendant challenges on appeal the sufficiency of the evidence to sustain his conviction, this Court "has a duty to examine all the evidence that tends to support the conviction."  Bolden v. Commonwealth, 275 Va. 144, 147, 654 S.E.2d 584, 586 (2008).  Upon reviewing the evidence in the light most favorable to the Commonwealth, we must uphold the conviction unless it is plainly

wrong or without evidence to support it. Tarpley v. Commonwealth, 261 Va. 251, 256, 542 S.E.2d 761, 763 (2001).

"When a criminal offense consists of an act and a particular [intent], both the act and [intent] are independent and necessary elements of the crime that the Commonwealth must prove beyond a reasonable doubt." Hunter v. Commonwealth, 15 Va. App. 717, 721, 427 S.E.2d 197, 200 (1993) (*en banc*). In other words, it is a basic tenet of criminal law that the *mens rea*, or intent, and the *actus reus*, or criminal act, must concur. Clay v. Commonwealth, 30 Va. App. 254, 261, 516 S.E.2d 684, 687 (1999).

Appellant first contends that no evidence supports the trial court's finding that he was the individual who struck J.H. In support of this argument, he correctly points out that the evidence is uncontested that J.H. was struck by someone and consequently suffered an injury. He challenges the sufficiency of the evidence as to the identity of the perpetrator. Thus, he contends the Commonwealth failed to prove the *actus reus*.[1] We disagree with appellant.

"The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The trier of fact is not required to accept a witness' testimony, but instead is free to "rely on it in whole, in part, or reject it completely." Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991). Thus, the testimony of a single witness, if found credible by the trial court and not found inherently incredible by this Court, is sufficient to support a conviction. McCary v. Commonwealth, 36 Va. App. 27, 41, 548 S.E.2d 239, 246 (2001).

---

[1] *Actus reus* is "[t]he wrongful deed that comprises the physical components of a crime . . .;" the "forbidden act." Black's Law Dictionary 41 (9th ed. 2009).

In its ruling from the bench, the trial court stated, "I have no question, no doubt in my mind that [J.H.] was hit by [appellant] who is here today. I find the testimony of Mr. Friend not credible." The trial court, who heard the testimony and observed the witnesses, was free to accept the testimony of J.H. who unequivocally stated on direct examination and on rebuttal that she had no doubt that appellant was the individual who delivered the blows to her face. Therefore, there is evidence in the record to support the trial court's credibility determination that appellant was the perpetrator and we will not disturb that finding on appeal.

Appellant next contends that the trial court erred in finding sufficient evidence to prove the *mens rea* of malicious wounding. In other words, appellant argues that if this Court finds the trial court did not err in concluding that he struck J.H., the evidence nevertheless does not support an inference of intent to permanently injure the victim. Again, we disagree with appellant.

Code § 18.2-51 states:

> If any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall . . . be guilty of a Class 3 felony. If such act be done unlawfully but not maliciously, with the intent aforesaid, the offender shall be guilty of a Class 6 felony.

To be found guilty pursuant to Code § 18.2-51, a person must intend to permanently harm another person. Campbell v. Commonwealth, 12 Va. App. 476, 484, 405 S.E.2d 1, 4 (1991) (*en banc*). "'Malice inheres in the doing of a wrongful act intentionally, or without just cause or excuse, or as a result of ill will. [Malicious intent to wound] may be directly evidenced by words, or inferred from acts and conduct which necessarily result in injury.'" Burkeen v. Commonwealth, 286 Va. ___, ___, ___ S.E.2d ___, ___ (Oct. 31, 2013) (quoting Dawkins v. Commonwealth, 186 Va. 55, 61, 41 S.E.2d 500, 503 (1947)) (footnote omitted). "Intent is a state of mind which can be evidenced only by the words or conduct of the person who is claimed to

- 4 -

have entertained it." Banovitch v. Commonwealth, 196 Va. 210, 216, 83 S.E.2d 369, 373 (1954) (citations omitted). Where "a person intentionally takes an action, the probable consequence of which is the permanent disability of another, even if permanent disability does not result, he or she can be found to have intended to cause a permanent disability." Id. at 484, 405 S.E.2d at 4-5.

Ordinarily, the use of fists alone will not support an inference of malice because the permissible inference that arises from striking with the fist would not prove an intent to harm permanently. Lee v. Commonwealth, 135 Va. 572, 578, 115 S.E. 671, 673 (1923). However, "[a]n assault with a bare fist may be attended with such circumstances of violence and brutality that an intent to [maim, disfigure, disable, or] kill may be presumed." Fletcher v. Commonwealth, 209 Va. 636, 640, 166 S.E.2d 269, 272 (1969). "It is proper for a court to consider not only the method by which a victim is wounded, but also the circumstances under which that injury was inflicted in determining whether there is sufficient evidence to prove an intent to maim, disfigure, disable or kill." Burkeen, 286 Va. at ___, ___ S.E.2d at ___. A trial court's decision on the question of intent represents a finding of fact which is accorded great deference on appeal and will not be reversed unless clearly erroneous. Robertson v. Commonwealth, 18 Va. App. 635, 639, 445 S.E.2d 713, 715 (1994).

"Disfigure," as used in the context of Code § 18.2-51, "means a permanent and not merely a temporary and inconsequential disfigurement." Lee, 135 Va. at 578, 115 S.E. at 673. In this case, although appellant struck the victim with a bare fist, the circumstances surrounding the attack would permit the fact finder to find an inference of appellant's intent to permanently harm the victim.

J.H did not provoke the attack. She merely asked appellant to leave her wedding reception after discovering that appellant, uninvited, was engaging in disruptive behavior with

- 5 -

other guests.[2] J.H. did not see appellant's blow coming and did not have an opportunity to defend herself. "The lack of provocation is significant evidence of an intent to seriously harm." Johnson v. Commonwealth, 53 Va. App. 79, 104, 669 S.E.2d 368, 380 (2008). J.H., unsuspecting and defenseless, was entirely unable to resist appellant's attack.

In addition, the great amount of force in appellant's blow supports a finding of intent to permanently harm. Appellant struck J.H. hard enough that her teeth penetrated her lips. The severity of the blows left J.H. with swollen, bloodied lips resulting in a permanent scar on her face. The trial court viewed the photographs and was able to observe the permanent scarring. Furthermore, as the Court stated in Johnson, fists may be regarded as a deadly weapon when "'applied to vital and delicate parts of the body.'" Id. at 101, 669 S.E.2d at 379 (quoting M'Whirt's Case, 44 Va. (3 Gratt.) 594, 611 (1846)). J.H.'s lips and mouth are certainly vulnerable and delicate parts of her body. Significantly, appellant delivered two blows, suggesting he did not complete his intended task after punching J.H. just once. The seriousness of J.H.'s injuries demonstrates a level of violence sufficient to find the existence of intent.

Appellant's act of punching J.H. twice in the face without provocation, combined with the severity of her injuries, is sufficient for a rational fact finder to reasonably conclude that appellant had the intent to permanently injure J.H. Accordingly, we affirm appellant's conviction.

Affirmed.

---

[2] Appellant was also required to leave pursuant to the terms of J.H.'s alcohol license.