## Richmond

RICHARD P. McKEON, ALIAS, ETC. v. COMMONWEALTH OF VIRGINIA.

June 15, 1970.

Record No. 7330.

Present, All the Justices.

*Thomas J. Harlan, Jr.* (*Doumar, Pincus, Anderson & Knight*, on brief), for plaintiff in error.

*D. Gardiner Tyler, Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error.

I'ANSON, J., delivered the opinion of the court.

Defendant, Richard Paul McKeon, 24 years of age, was indicted for exposing his genital parts with lascivious intent to a child under the age of fourteen years, in violation of § 18.1-214, Code of 1950, as amended, 1960 Repl. Vol. Defendant was tried without a jury, found guilty, sentenced to two years in the State penitentiary, and he is here on a writ of error to the judgment.

The Commonwealth's evidence shows that in mid-afternoon of

January 16, 1968, Donna Lynn Fagone, an infant girl 10 years of age, a neighbor of defendant, was playing with a girl friend in back of defendant's house, when defendant, dressed only in his bathrobe, called and asked her to buy some bread and milk for him at a nearby store, giving her a dollar to make the purchase. She returned with the groceries, accompanied by her girl friend, and defendant gave her a 25¢ tip. A moment later he called to her asking what she had done with his change, and she explained that she had put it in the bag. Shortly thereafter Donna, having had a fight with her girl friend, was heading toward home, located across a court immediately behind the defendant's apartment, when he called to her and gave her 10¢, which was part of the change in the grocery bag. Donna then began to play with defendant's dog for a few minutes when defendant again called her from inside the house, saying he wanted to talk to her. Donna at that point became nervous and, answering "no" she had "to go home," started toward the house of a neighbor who was taking care of her for the afternoon, when defendant called to her to "turn around." She did so for a few seconds and saw defendant smiling, standing on his porch with his hands on his hips, his robe open in front showing his chest and private parts. Her description of the defendant's private parts indicated that he was not sexually aroused. She was about 35 feet away from defendant at that time. Immediately thereafter she ran to a neighbor's house.

Defendant's testimony is substantially the same as that of the child except that he stated he last called her to give her the dime; he did so with one foot on the porch, holding the door open with his other hand. He asserted that at that time his robe was tied, and although there was a breeze he did not believe that his privates became exposed at any time. He denied calling the child back thereafter or standing on the porch exposing himself. Defendant explained that he was in a bathrobe because he had gotten off work and had just showered.

Defendant had been happily married for two years and had been in the Navy for seven years. He had not been in any previous trouble.

The crucial question presented is whether the evidence is sufficient to support the defendant's conviction.

The Commonwealth says that we should not consider the question of the sufficiency of the evidence because it was raised for the first time on this appeal. Rule 1:8, Rules of Court.

Under Rule 1:8, this court will not consider alleged errors raised for the first time on appeal "except for good cause shown or

to enable this court to attain the ends of justice." Numerous cases decided by us clearly show our constant refusal, under the provisions of Rule 1:8, to consider a point on appeal that was not properly saved in the lower court. But in instances where it was necessary to attain the ends of justice we have considered questions not properly saved in the court below. *Glasgow* v. *Peatross*, 201 Va. 43, 47, 109 S.E.2d 135, 138 (1959); *Cooper* v. *Commonwealth*, 205 Va. 883, 889-90, 140 S.E.2d 688, 693 (1965).

In the present case we think it proper, in order to attain the ends of justice, to determine whether the evidence is sufficient to support defendant's conviction.

■ Defendant's counsel argues that the charge against defendant is not simply one of indecent exposure, which is a misdemeanor at common law, *Noblett* v. *Commonwealth*, 194 Va. 241, 72 S.E.2d 241 (1952);[1] that it is a violation of Code § 18.1-214, which makes punishable as a felony the exposure of sexual or genital parts to a child "with lascivious intent"; and that the requisite lascivious intent has not been shown beyond a reasonable doubt.

The pertinent part of § 18.1-214 reads as follows:

"Any person twenty-one years of age or over who, *with lascivious intent*, shall knowingly and intentionally expose his or her sexual or genital parts to any child under the age of fourteen years to whom such person is not legally married shall be guilty of a felony * * *." (Emphasis added.)

Whenever a statute makes an offense to consist of an act combined with a particular intent, that intent is just as necessary to be proved as the act itself, and must be found as a matter of fact before a conviction can be had. No intent in law or mere legal presumption, differing from the intent in fact, can be allowed to supply the place of proof of the requisite specific intent. *Thacker* v. *Commonwealth*, 134 Va. 767, 770, 114 S.E. 504, 505 (1922); *Banovitch* v. *Commonwealth*, 196 Va. 210, 215-16, 83 S.E.2d 369, 373 (1954).

In the present case the offense alleged consists of an act combined with a particular intent, that is, a lascivious intent, and it is as necessary for the Commonwealth to prove the intent as to prove the act;

---

[1] See also Code § 18.1-236, Acts of 1960, Ch. 233, p. 302, at 304, which is as follows: "Every person who intentionally makes an obscene display or exposure of his person, or the private parts thereof, in any public place, or in any place where others are present, or procures another to so expose himself, shall be guilty of a misdemeanor."

the particular intent must be found as a fact beyond a reasonable doubt before the conviction can be sustained.

The word "lascivious" is not defined in the statute, and must therefore be given its ordinary meaning in determining the legislative intent in the use of the word in this particular statute. As so determined, the word "lascivious" describes a state of mind that is eager for sexual indulgence, desirous of inciting to lust or of inciting sexual desire and appetite. See Vol. 24, Words and Phrases, Permanent Edition, pp. 447-450, for the numerous cases there collected.

Accepting everything Donna said as true, the evidence does not warrant a finding that lascivious intent of the defendant has been shown beyond a reasonable doubt. From Donna's description of what happened, there is no evidence that the defendant was sexually aroused; that he made any gestures toward himself or to her; that he made any improper remarks to her; or that he asked her to do anything wrong. The fact that defendant told Donna to "turn around" and that he was smiling at her at the time, when she was 35 feet away from him, is not proof beyond a reasonable doubt that he knowingly and intentionally exposed himself with lascivious intent.

We hold that the Commonwealth has not borne its burden of proving that the defendant *with lascivious intent* exposed his sexual or genital parts to the prosecuting witness. Accordingly the conviction is reversed and set aside and the case is remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*