## CIRCUIT COURT OF BOTETOURT COUNTY

Commonwealth of Virginia

v.

Michael A. Kaufman,
Barbara Joan Schanberg,
Catherine Ann Lewis,
Lin Humphrey, and
Mark Davis Kaynor

January 9, 1976

Case Nos. 3143, 3144, 3145, 3146, 3147

By JUDGE ROSCOE B. STEPHENSON, JR.

Each defendant is charged with violating Code Section 18.1-236 (Repl. Vol. 1960)[1] (indecent exposure). On pleas of not guilty, their cases were tried together with a jury waived.

The evidence, which was without material conflict, established these facts. Defendants, residents of the New York-Connecticut section of the country, were traveling together in Virginia. With them was Kaufman's five year old son. The weather was very warm on the day in question and the defendants sought out a private secluded spot where they could swim and sunbathe in the nude. Believing they had found the desired spot on Carvins Cove Lake in Botetourt County, the defendants (two males and three females) and Kaufman's son disrobed and proceeded to swim and sunbathe in the nude. While doing so, other persons, from time to time, were present in the area

---

[1] Section 18.1-236. Indecent exposure. Every person who intentionally makes an obscene display or exposure of her person, or the private parts thereof, in any public place, or in any place where others are present or procures another to so expose himself, shall be guilty of a misdemeanor.

(several in boats approximately 100 yards distant and two fishermen nearer than that on the shore). The arresting officer, answering a complaint, appeared on the scene and found the situation to be generally as described above. At that time, Kaufman was sitting nude on the shore reading a comic book to his son.

Kaufman testified that they had gone to that place to swim nude because "it was a remote spot and we were seeking privacy."

Ms. Humphrey testified that their being nude under the circumstances had nothing to do with sex or anything "dirty." She further testified that the defendants had "no prurient interest" and that she was embarrassed when the officer arrived because she "knew he'd find my nudity offensive, whereas we didn't offend each other." There was no evidence of any sexual conduct or arousal by any defendant.

The question for decision is whether the defendants' nudity, under the facts and circumstances of this case, constituted indecent exposure within the meaning and intendment of Code § 18.1-236. The court is of opinion that it does not.

Prior to the enactment of Code ·§ 18.1-236 (Acts of Assembly, Reg. Sess. 1960, Chapter 233, page 302), indecent exposure was a common law offense in Virginia. *Noblett* v. *Commonwealth*, 194 Va. 241, 244, 72 S.E.2d 241, 242 (1952); *Wicks* v. *Charlottesville*, 215 Va. 274, 275, 208 S.E.2d 752, 754 (1974).[2]

Under the common law the intentional exposure of one's body (as the genitals) in a place likely to be seen by others constituted indecent exposure. *Noblett* v. *Commonwealth, supra.* It is highly probable, therefore, that defendants' conduct in the instant case was such a common law offense.

In this case, however, the court must consider something more than the common law definition. Code Section 18.1-236 provides, *inter alia*, that one "who *intentionally* makes an *obscene* display or exposure of his person, or the private parts thereof," in public shall be guilty of a misdemeanor. (emphasis added) The word "obscene"

---

[2] Wicks involved an ordinance of the City of Charlottesville which the court construed to be "consistent with the common law." 215 Va. 276.

as used in Code § 18.1-236 is defined by Code § 18.1-227,[3] and means that which "has as its dominant theme or purpose an appeal to prurient interest, that is, a shameful or morbid interest in nudity, sex or excretion." Thus, by this definition, another element has been added to the common law offense. This is so even though *Wicks* holds that a "statute must. . . be read along with the provisions of the common law, and the latter will be read into the statute unless it clearly appears from express language or by necessary implication that the purpose of the statute was to change the common law." 215 Va. 276. It is apparent to the court that the legislature changed the common law respecting indecent exposure.

Code § 18.1-236, being a penal statute, must be construed strictly against the Commonwealth and favorably to the liberty of the citizen. Michie's Jur., Vol. 17, *Statutes*, § 67. To convict under this statute the evidence must prove beyond a reasonable doubt that the party accused *intentionally* made an *obscene* exposure, that is, intentionally exposed himself having as his "dominant theme or purpose an appeal to prurient interest, that is, a *shameful* or *morbid* interest in nudity, sex or excretion." (Emphasis added.) Such proof is not present.

As was said in *McKeon v. Commonwealth*, 211 Va. 24, 175 S.E.2d 282 (1970):

> Whenever a statute makes an offense to consist of an act combined with a particular intent, that intent is just as necessary to be proved as the act itself, and must be found as a matter of fact before a conviction can be had. 211 Va. 26.

It would appear that the Board of Supervisors of Botetourt County, if it be so advised, could adopt an ordinance which would prohibit public nudity. *See, Wayside Restaurant v. Virginia Beach*, 215 Va. 231, 233, 234, 208 S.E.2d 51, 53, 54 (1974). The fact that an ordinance

---

[3] Section 18.1-227. "Obscene" defined. - The word "obscene" where it appears in this article shall mean that which is considered as a whole has as its dominant theme or purpose an appeal to prurient interest, that is, a shameful or morbid interest in nudity, sex or excretion and if it goes substantially beyond customary limits of candor in description or representation of such matters.

enlarges upon the provisions of a statute or requires more than the statute requires does not invalidate the ordinance. *King* v. *Arlington County*, 195 Va. 1084, 1090, 81 S.E.2d 587, 591 (1954); *Wayside Restaurant* v. *Virginia Beach*, *supra*. For that matter the county could adopt an ordinance declaratory of the common law offense of indecent exposure. *Wicks* v. *Charlottesville*, *supra*. (Appeal dismissed for want of a substantial Federal question. 43 L.Ed.2d 769, 95 S.Ct. 1548).

The court hastens to add that it does not in anywise countenance the defendants' conduct. It is contrary to customary and accepted behavior in the community.

The court merely decides and holds that the evidence in this case, shocking and unconventional as it is, fails to prove beyond a reasonable doubt a violation of Code Section 18.1-236. Accordingly, each defendant is acquitted of the charge against him.