COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Elder and Senior Judge Cole
Argued at Salem, Virginia


PAUL F. LEE, JR.

MEMORANDUM OPINION[*] BY

v.    Record No. 2588-98-2          JUDGE LARRY G. ELDER
                                         FEBRUARY 15, 2000

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF APPOMATTOX COUNTY
Richard S. Blanton, Judge

Michael J. Brickhill (Michael J. Brickhill,
P.C., on brief), for appellant.

Eugene Murphy, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Paul F. Lee, Jr., (appellant) appeals from his jury trial

convictions for two counts of taking indecent liberties with a

minor pursuant to Code § 18.2-370.1. On appeal, he contends the

trial court erred in admitting "evidence regarding [his]

possession of pornographic videotapes" because it was unduly

prejudicial. We hold that appellant waived his right to object to

admission of a videotape box and testimony about the box and a

videotape from the victims, A.L. and M.L., whom appellant allowed

to view the videotape immediately prior to committing the charged

offenses. We also hold that the trial court did not abuse its

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

discretion in admitting into evidence a companion videotape--which the girls found in appellant's trailer but did not actually watch and which appellant subsequently turned over to an investigator--and brief testimony from the investigator about the tape's contents.  Therefore, we affirm appellant's convictions.

A.

WAIVER

We hold that appellant failed properly to preserve for appeal any objection to the admission of the videotape box, Commonwealth's exhibit two.

At trial, the Commonwealth introduced the videotape box, and the trial court admitted it without objection from defense counsel.  Because appellant did not object to the admission of Commonwealth's exhibit two, the videotape box, Rule 5A:18 bars our consideration of this question on appeal.  Similarly, appellant raised no objection to the testimony of A.L. and M.L. that the videotape box was the one they found in appellant's trailer.  He also posed no objection to their testimony about finding two videotapes hidden in appellant's pantry and their graphic descriptions of the X-rated videotape they watched, which involved different sexual acts between a woman and two men.  Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

-

B.

## ADMISSIBILITY OF VIDEOTAPE AND TESTIMONY ABOUT ITS CONTENTS

"Evidence is relevant if it has any logical tendency, however slight, to establish a fact at issue in the case."  Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993).

> [I]ts relevancy "must be weighed against the tendency of the offered evidence to produce passion and prejudice out of proportion to its probative value."  The responsibility for balancing these competing considerations is largely within the sound discretion of the trial judge.  And a trial court's discretionary ruling will not be disturbed on appeal absent a clear abuse of discretion.

Coe v. Commonwealth, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986) (citations omitted).

Evidence of other bad acts or crimes is not admissible merely to show a defendant's predisposition to commit such acts or crimes.  See, e.g., Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970).  However, "'if such evidence tends to prove any other relevant fact of the offense charged, and is otherwise admissible, it will not be excluded merely because it also shows him to have been guilty of another crime.'"  Williams v. Commonwealth, 203 Va. 837, 841, 127 S.E.2d 423, 426 (1962).

> Where a course of criminal conduct is continuous and interwoven, consisting of a series of related crimes, the perpetrator has no right to have the evidence "sanitized" . . . .  The fact-finder is entitled to all of the relevant and connected facts, including those which followed the commission of the crime on trial, as well as those which preceded it; even though they may show the

-

> defendant guilty of other offenses.  Evidence
> of such connected criminal conduct is often
> relevant to show motive, method, and intent.

Scott v. Commonwealth, 228 Va. 519, 526-27, 323 S.E.2d 572, 577 (1984) (citations omitted) (emphasis added).

Appellant argued at trial that the videotape and its contents were both (a) irrelevant, because the tape was not "the [one] in question," and (b) more prejudicial than probative.  We disagree. The evidence, viewed in the light most favorable to the Commonwealth, established that the tape was relevant because it was one of two X-rated videotapes A.L. and M.L. found in appellant's trailer, with appellant's help, preceding the charged acts.  A.L. and appellant testified that the girls found two movies in appellant's trailer, and although the girls watched only one, appellant said both tapes were pornographic.  When Investigator Ricky Baldwin asked appellant if he still had any movies at his trailer, appellant responded that he had "no idea" what happened to the movie the girls actually watched but that "the other one" was "ou[t] in my van."  Appellant then retrieved the tape from his van and turned it over to Investigator Baldwin. Further, A.L.'s and M.L.'s testimony regarding the contents of the X-rated tape they actually viewed was in line with the testimony of Investigator Baldwin about the content of the companion X-rated tape he received from appellant.  Therefore, the companion tape, the way Baldwin came into possession of the tape, and Baldwin's testimony about the tape's contents were relevant to corroborate

-

the victims' testimony about the events leading up to charged offenses.

Appellant argues that our decision in Blaylock v. Commonwealth, 26 Va. App. 579, 496 S.E.2d 97 (1998), required the exclusion of the videotape and related testimony as more prejudicial than probative.  Again, we disagree.

We held in Blaylock that, although evidence of other crimes or bad acts may be admissible to prove intent or absence of mistake or accident, such evidence is not admissible "where a defendant's intent is genuinely uncontested."  Id. at 588-89, 592, 496 S.E.2d at 101-02, 103.  Under such circumstances, we said, "any nominal probative value will be easily outweighed by the danger of prejudice."  Id. at 592, 496 S.E.2d at 103.  Blaylock involved a charge for aggravated sexual battery of an eleven-year-old girl which was based on an incident occurring many years earlier in 1985.  See id. at 584, 496 S.E.2d at 99. Reversing on other grounds, we noted that the trial court's admission of evidence of pornographic pictures and a pornographic story, both involving children, found on the defendant's computer several years after the alleged abuse was error because the only real issue in Blaylock was "'"the commission of the act itself,"' rather than [the defendant's] intent in committing the act."  Id. at 592-93, 496 S.E.2d at 103-04 (citations omitted).  We specifically noted, however, that Blaylock "[did] not involve the use of other bad acts evidence where the other acts [were]

-

continuous and interwoven or part of a series of related crimes." Id. at 592 n.4, 496 S.E.2d at 103 n.4.

In appellant's case, the challenged videotape was interwoven with the offense for which appellant was being tried. It was one of two X-rated videotapes the victims found in appellant's trailer, and it was the same videotape appellant turned over to police when questioned about the incident. Further, it was relevant to establishing appellant's intent and the absence of mistake or accident in appellant's exposing himself to A.L. and M.L.

Appellant was charged with violating Code § 18.2-370.1. The Commonwealth was required to prove, therefore, that appellant acted with "the intent to sexually molest, arouse, or gratify any person," Code § 18.2-67.10(6), or with "lascivious intent," Code § 18.2-370.1, which is "a state of mind that is eager for sexual indulgence, desirous of inciting to lust or of inciting sexual desire and appetite," McKeon v. Commonwealth, 211 Va. 24, 27, 175 S.E.2d 282, 284 (1970).

Although appellant claims he denied the incident ever took place--thereby rendering evidence of other bad acts inadmissible, under Blaylock, to prove intent--this is not entirely accurate. Viewing the evidence in the light most favorable to the Commonwealth, appellant admitted in his statement to police that the girls walked in on him while he was masturbating and that he may unintentionally have exposed himself to them. He also said

-

the girls found two X-rated videotapes and viewed one of them. The girls testified, on the other hand, that appellant encouraged them to look for the videotapes, intentionally disrobed and encouraged them to do the same, and encouraged them to masturbate him when M.L. referred to the videotape they viewed and asked a question about ejaculation. The Commonwealth's evidence, therefore, placed appellant's intent in issue and justified admission into evidence of the videotape itself and Baldwin's brief testimony describing it. Because Baldwin's description of the videotape's contents was brief and the record provides no indication that the jury viewed the videotape itself, we cannot say the trial court abused its discretion in determining that the probative value of this evidence outweighed any prejudice resulting from its admission.

For these reasons, we hold the trial court did not err in admitting the challenged evidence, and we affirm appellant's convictions.

<u>Affirmed.</u>

-