COURT OF APPEALS OF VIRGINIA

Present: Judges Annunziata, Frank and McClanahan
Argued at Chesapeake, Virginia


PERNELL LEE VINEY

MEMORANDUM OPINION* BY

v.      Record No. 0559-03-1                    JUDGE ROBERT P. FRANK
                                                 MAY 4, 2004

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
W. C. Andrews, III, Judge

Robert Moody, IV (Krinick, Segall, Moody & Lewis, on brief), for
appellant.

Amy L. Marshall, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Pernell Lee Viney (appellant) was convicted in a bench trial of two counts of taking

indecent liberties with a minor, in violation of Code § 18.2-370. On appeal, he contends the

Commonwealth did not prove he acted with "lascivious intent," as required by the code section and,

therefore, the evidence was insufficient to convict him. We find the evidence was sufficient to

prove lascivious intent and affirm the judgment of the trial court.

BACKGROUND

On April 14, 2002, thirteen-year-old A.L. and nine-year-old H.H. rode their bikes to Tyler

Elementary School to play. While there, the two girls noticed appellant's maroon car pull into the

parking lot. According to A.L., appellant began cleaning his car.

After the girls finished playing, they rode past appellant. According to A.L., "he looked up

at us and we looked at him and then he looked down and we looked down and he exposed himself."

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

A.L. further explained that appellant "pulled his shorts up" and "to the side" to expose his penis to them. During this encounter, appellant said nothing to either of the girls, nor did he motion for them to approach him. The girls immediately went home and told an adult about the incident.

When interviewed by a detective, appellant said he was wearing an "athletic supporter" that day that was "old and stretched out." He admitted his penis could have slipped out of his shorts, but he denied intentionally pulling his shorts aside to expose himself. Appellant also admitted he saw the two girls at the school. At trial, appellant maintained he did not intentionally expose himself to the two young girls. He explained, "[I]f something fell out, I mean it's possible. I'm not denying that, but there was no lascivious intent. It wasn't intentional, and I wasn't aware of it."

In denying appellant's motion to strike, the trial court found the girls' testimony was credible and found lascivious intent "based on [appellant's] actions, the motioning of the eyes and to direct their attention to his groin area and then he pulls up his shorts." The trial court did not give credence to the appellant's alternative explanation of the exposure.

ANALYSIS

The sole issue before this Court is whether the evidence was sufficient to show lascivious intent, an element of the statutory crime of taking indecent liberties with children.[1] Code § 18.2-370.

> When the sufficiency of the evidence is challenged on appeal, "[w]e view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly

---

[1] The relevant portion of Code § 18.2-370 reads,

> Any person eighteen years of age or over, who, with lascivious intent, shall knowingly and intentionally commit any of the following acts with any child under the age of fourteen years shall be guilty of a Class 5 felony: (1) Expose his or her sexual or genital parts to any child to whom such person is not legally married . . . .

deducible from the evidence." Cooper v. Commonwealth, 31 Va. App. 643, 646, 525 S.E.2d 72, 73 (2000). The appellate court must, therefore, "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn" from the credible evidence. Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998). The credibility of the witnesses and the weight of the evidence are matters to be determined solely by the trier of fact. Swanson v. Commonwealth, 8 Va. App. 376, 378-79, 382 S.E.2d 258, 259 (1989). Furthermore, the decision of the trial court will not be disturbed unless plainly wrong or without evidence to support it. McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (*en banc*). "If there is evidence to support the conviction," we will not substitute our judgment for that of the trier of fact, even were our opinion to differ. Commonwealth v. Presley, 256 Va. 465, 466, 507 S.E.2d 72, 72 (1998).

Wactor v. Commonwealth, 38 Va. App. 375, 379-80, 564 S.E.2d 160, 162 (2002).

Appellant contends the Commonwealth's evidence was insufficient to prove lascivious intent. "'Intent may, and most often must, be proven by circumstantial evidence and the reasonable inferences to be drawn from proven facts are within the province of the trier of fact.' Fleming v. Commonwealth, 13 Va. App. 349, 353, 412 S.E.2d 180, 183 (1991). 'Intent may be shown by a person's conduct and by his statements.' Long v. Commonwealth, 8 Va. App. 194, 198, 379 S.E.2d 473, 476 (1989)." Summerlin v. Commonwealth, 37 Va. App. 288, 297-98, 557 S.E.2d 731, 736 (2002). "A 'trial court's decision on the ultimate question of . . . intent represents a finding of fact of the sort accorded great deference on appeal,' [Hernandez v. New York, 500 U.S. 352, 364 (1991)], and this decision will not be reversed unless clearly erroneous. Id. at 369 . . . ." Robertson v. Commonwealth, 18 Va. App. 635, 639, 445 S.E.2d 713, 715 (1994).

Appellant and the Commonwealth agree that McKeon v. Commonwealth, 211 Va. 24, 175 S.E.2d 282 (1970), is the pivotal case defining "lascivious intent" as the term is used in Code § 18.2-370.[2]  In that case, the Supreme Court explained:

> The word "lascivious" is not defined in the statute, and must therefore be given its ordinary meaning in determining the legislative intent in the use of the word in this particular statute. As so determined, the word "lascivious" describes a state of mind that is eager for sexual indulgence, desirous of inciting to lust or of inciting sexual desire and appetite.  See Vol. 24, Words and Phrases, Permanent Edition, pp. 447-450, for the numerous cases there collected.

Id. at 27, 175 S.E.2d at 284.  The Supreme Court recognized that circumstantial evidence of lasciviousness may include "evidence that the defendant was sexually aroused; that he made . . . gestures toward himself or to [the victim]; that he made . . . improper remarks to [the victim]; or that he asked [the victim] to do anything wrong."  Id.

In McKeon, the defendant was dressed in a bathrobe, called the young victim over, and asked that she buy him some groceries at a local store.  Id. at 25, 175 S.E.2d at 283.  She agreed, went to the store, and returned with the items.  Id.  As she began to leave his yard, McKeon called to her to "turn around."  Id.  As she did, she saw him smiling, standing on his porch with his hands on his hips.  Id.  McKeon's robe was open in front showing his "private parts."  Id.  He was not sexually aroused.  He took no overt action to expose himself.  Id.  The Supreme Court held:

> there is no evidence that the defendant was sexually aroused; that he made any gestures toward himself or to her; that he made any improper remarks to her; or that he asked her to do anything wrong.  The fact that defendant told [the victim] to "turn around" and that he was smiling at her at the time, when she was 35 feet away from him, is not proof beyond a reasonable doubt that he

---

[2] McKeon was decided prior to the current codification of taking indecent liberties with children.

knowingly and intentionally exposed himself with lascivious
intent.

Id. at 27, 175 S.E.2d at 284.

In Breeding v. Commonwealth, 213 Va. 344, 192 S.E.2d 807 (1972) (*per curiam*), the
Supreme Court also found no lascivious intent. Breeding drove up to the area where two young
girls were playing. Id. at 344, 192 S.E.2d at 807. He asked them for directions. Id. When the
girls approached the car, they noticed Breeding's trousers were unbuckled and unzipped, and
they saw his "privacy." Id. After obtaining the directions, Breeding left. Id. at 345, 192 S.E.2d
at 807. The Supreme Court found this evidence insufficient to prove lascivious intent, citing
McKeon. Id. There was no evidence Breeding took any overt action to expose himself.

In contrast, the Supreme Court found in Campbell v. Commonwealth, 227 Va. 196, 313
S.E.2d 402 (1984), that the Commonwealth had proved lascivious intent. Campbell, who was
hiding behind a bush, gestured "toward himself" to get a little girl's attention. Id. at 197, 313
S.E.2d at 403. After getting her attention, he pulled his pants off to his knees, exposing his
genitalia. Id. at 198, 313 S.E.2d at 403. Campbell then beckoned to her once again. Id. The
Supreme Court, after reviewing the factors in McKeon, opined that these factors are disjunctive,
i.e., "proof of any one factor can be sufficient." Id. at 200, 313 S.E.2d at 404. In finding
lascivious intent, the Supreme Court found the evidence showed that Campbell gestured towards
himself both before and after pulling down his pants. Id. He placed himself in a position where
he could be seen, made sure he was seen by the child, and then proceeded to expose himself. Id.
He then beckoned to the child once again. Id.

This Court reviewed the McKeon factors in Holley v. Commonwealth, 38 Va. App. 158,
562 S.E.2d 351 (2002). Holley's neighbor provided day care for several young children. Id. at
160, 562 S.E.2d at 352. Holley developed a habit of standing naked in front of the glass door to
his house, which faced his neighbor's yard. Id. at 160, 562 S.E.2d at 352. Once, he whistled at

his neighbor while he stood there naked. Id. at 161, 562 S.E.2d at 352. Another time, he waved his hands over his head to get the attention of a mother dropping off her baby. Id. Finally, the police videotaped Holley naked at the door while he "had his hand on his penis and jerked it up and down." Id. at 161, 562 S.E.2d at 352-53. The neighbor, who was outside with the children, also observed this incident. Id. When questioned by the police, Holley admitted he had a "'problem with exposure.'" Id. at 161, 562 S.E.2d at 353.

This Court found at least two of the McKeon factors were proven. Id. at 166, 562 S.E.2d 355. The Court explained that the hand motions on his penis proved Holley was sexually aroused at the time of the exposure. Id. The Court also considered his efforts to get his neighbor's attention and his admitted "problem with exposure." Id.

The trial court in the instant case heard the evidence and found lascivious intent based on appellant's "actions, the motioning of the eyes, and [his directing] their attention to his groin area, and then he pulls up his shorts." The trial court rejected appellant's explanation that he accidentally exposed his penis to the girls. Instead, the court believed the young witnesses. This evidence supports a finding that appellant directed the girls' attention to his groin area by making eye contact with them and then looking down to that area. After looking down, he took the additional, intentional steps of using his hand to "pull his shorts up" and "to the side" to expose his penis to them.

"In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998). Appellant's affirmative acts distinguish this matter from the facts in McKeon, where no testimony proved McKeon made any gesture or took any physical steps to cause or permit the exposure.

- 6 -

In applying the McKeon criteria, we note that no evidence suggests appellant was sexually aroused, made any improper remarks, or asked the girls to do something wrong. However, we do find one of the McKeon criteria. Appellant gestured toward his groin area with his eyes. Further, once he had the girls' attention focused on that area of his body, he intentionally adjusted his shorts to expose his penis. In a manner similar to the defendant in Campbell, 227 Va. at 200, 313 S.E.2d at 404, appellant here positioned himself to ensure that the victims saw him. Appellant then drew their gaze to his groin by looking down and moving his hand there. Finally, he purposefully "pull[ed] his shorts up" and "to the side," exposing his penis to the girls. The trier of fact could reasonably have found these movements were improper "gestures toward himself," one of the factors showing lascivious intent. McKeon, 211 Va. at 27, 175 S.E.2d at 284. As the Supreme Court has held, "proof of any one factor can be sufficient." Campbell, 227 Va. at 200, 313 S.E.2d at 404.

A rational trier of fact could conclude the evidence proved beyond a reasonable doubt that appellant's movement of his shorts, combined with the eye movement described by the complainants, was enough to deduce that his intent was lascivious. We, therefore, affirm the conviction.

Affirmed.