COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Malveaux and Senior Judge Clements
Argued at Richmond, Virginia

UNPUBLISHED

SCOTT RUSSELL STEGGALL

                                 MEMORANDUM OPINION[*] BY

v.      Record No. 1903-18-2          JUDGE JEAN HARRISON CLEMENTS
                                        NOVEMBER 5, 2019

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
John Marshall, Judge

David M. Branch for appellant.

Elizabeth Kiernan Fitzgerald, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


In a bench trial, Scott Russell Steggall (appellant) was convicted for taking indecent liberties with a minor in violation of Code § 18.2-370. On appeal, appellant challenges the sufficiency of the evidence to sustain his conviction. Specifically, appellant argues that the evidence was insufficient to prove that he had lascivious intent when he exposed his genitalia in the presence of a young child in a public store. Finding that the evidence was insufficient to support appellant's conviction, we reverse the judgment of the trial court.

BACKGROUND

"In general, when reviewing a challenge to the sufficiency of the evidence to support a conviction, an appellate court considers the evidence in the light most favorable to the Commonwealth, the prevailing party below, and reverses the judgment of the trial court only when its decision is plainly wrong or without evidence to support it." Marshall v.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Commonwealth, 69 Va. App. 648, 652-53 (2019). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" Chavez v. Commonwealth, 69 Va. App. 149, 161 (2018) (quoting Banks v. Commonwealth, 67 Va. App. 273, 288 (2017)). "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." Gerald v. Commonwealth, 295 Va. 469, 472 (2018) (quoting Scott v. Commonwealth, 292 Va. 380, 381 (2016)).

In the early afternoon of January 16, 2017, Tamela Murray was shopping at Ollie's Outlet Store in Henrico County with her four-year-old daughter, T.G., and Murray's mother. T.G. was seated in the top portion of a shopping cart facing Murray as she pushed it.

Murray paused near a display of women's boots on an open table. Seated in the cart, T.G. faced the front of the store. After looking over the boots for about five minutes, Murray noticed appellant in her "far peripheral vision." Appellant was moving back and forth, taking steps forward and backward in and out of the aisle. At first, Murray thought appellant was just another ordinary shopper. As she selected another boot, however, Murray saw that appellant was continuing the unusual movement. At that point, appellant's pants had not been pulled down. Murray then "turned around" to look at appellant, who was staring at her. Appellant's hands were by his sides, and his facial expression was emotionless. Appellant's jeans were pulled down to his upper thighs, fully exposing his penis and genitals. Appellant was about ten feet from Murray and her daughter. Murray "locked eyes" with appellant. Appellant did not say anything, make any gestures or fondle himself, or appear to be sexually aroused. Murray's daughter was in appellant's direct view, and she was facing him.

Murray began screaming repeatedly, "Are you serious, you have your penis out in front of my child?" Appellant turned and, using an aisle parallel to Murray's, walked toward the store's exit; Murray, still screaming, followed him. Murray assumed that appellant had pulled up his pants because she did not "see it" anymore. When he reached the door, appellant turned and said, "You're lying." Murray responded by repeatedly calling appellant a "pervert."

As appellant exited the store and approached his car, Murray used her cell phone to record his movements. Appellant drove away. Murray immediately reported the incident to the store manager and to the police.

ANALYSIS

Code § 18.2-370(A)(1) provides, in pertinent part, that any adult who "with lascivious intent, knowingly and intentionally" exposes his "sexual or genital parts" to a child is guilty of taking indecent liberties. Appellant contends that the evidence was insufficient to prove that he had lascivious intent, or that he intentionally exposed himself. "Intent, like any element of a crime, may, and usually must, be proved by circumstantial evidence such as a person's conduct and statements. The statements and conduct of an accused after the events that constitute the charged crime may also be relevant circumstantial evidence of intent." Simon v. Commonwealth, 58 Va. App. 194, 206 (2011) (citation omitted).

The word "lascivious" describes "a state of mind that is eager for sexual indulgence, desirous of inciting to lust or of inciting sexual desire and appetite." Dietz v. Commonwealth, 294 Va. 123, 136 (2017) (quoting Viney v. Commonwealth, 269 Va. 296, 299 (2005)). In the context of taking indecent liberties with a child, the Commonwealth may demonstrate a defendant's lascivious intent by proving: "(1) that the defendant was sexually aroused; (2) that the defendant made gestures toward himself or to the child; (3) that the defendant made improper remarks to the child; or (4) that the defendant asked the child to do something wrong." Viney,

269 Va. at 300. "However, the Court has not held that proof of one of the four factors is a prerequisite to a finding of lascivious intent." Mason v. Commonwealth, 49 Va. App. 39, 50 (2006).

In Simon, the defendant appealed his conviction of taking indecent liberties under Code § 18.2-370 where the evidence did not demonstrate that the victim saw the defendant's "private" in its entirety. Simon, 58 Va. App. at 207-08. In that case, the defendant visited the area near a bus stop for a children's summer camp three times in one week at around the time the bus was collecting campers. Id. at 197-98. The spot was more than fifteen miles from his home. Id. at 207. The ten-year-old victim saw the defendant sitting in the driver's seat of a parked truck. Id. at 197. The defendant's feet were on the ground outside the vehicle, and his legs were spread apart. Id. The victim could see the defendant's "'private coming out of . . . the inside edge of his shorts,' neither 'a lot [n]or a little' but 'sort of in the middle.'" Id. In considering whether the evidence sufficiently proved the defendant's lascivious intent, this Court noted that the defendant had worn "intentionally modified shorts" with a hole in the crotch and placed himself in view of the victim. Id. at 209-10. Moreover, when the police apprehended him after his third visit to the site, the defendant hid the modified shorts, and he had pornographic DVDs involving teenagers in his truck. Id. at 198. Considering the evidence as a whole, this Court found that the Commonwealth had proven the defendant's lascivious intent. Id.; see also Campbell v. Commonwealth, 227 Va. 196, 198 (1984) (evidence proved lascivious intent where defendant gestured to draw the victim's attention, pulled down his pants and exposed himself, then gestured to the child again).

By contrast, the Supreme Court of Virginia found the evidence insufficient to prove lascivious intent in Breeding v. Commonwealth, 213 Va. 344 (1972). In that case, two young girls saw "what they referred to as [defendant's] 'privacy'" when he stopped his car and asked

them for directions; the defendant's pants were unbuckled and unzipped. Id. at 344. The defendant left as soon as he obtained the directions he requested, and he made "no suggestive remarks or gestures and there was no evidence that he was sexually aroused." Id. at 344-45.

In McKeon v. Commonwealth, 211 Va. 24, 25 (1970), the defendant, dressed only in a bathrobe, called to a ten-year-old neighborhood girl who was playing in back of his house and asked her to go to a nearby store to buy him some bread and milk. He gave her a dollar to make the purchase. Id. When she returned with the items, he gave her a twenty-five cent tip. Id. A moment later, he called to her to ask what had happened to his change, and she said that it was in the bag. Id. As the girl was walking away, McKeon called to her again, and gave her an additional ten cent tip. Id. The girl took the money and began playing with the defendant's dog outside the house. Id. The defendant, who was inside, called to the girl yet again, this time saying that he wanted to talk to her. The girl became nervous, said no, and turned to walk home. Id. The defendant called for her to "turn around." Id. When she complied, she saw him standing on his porch, thirty-five feet away, with his hands on his hips and his robe open, exposing his chest and private parts. Id. He was smiling, but he was not sexually aroused and he made no gestures to the little girl. Id. She immediately ran to a neighbor's house. Id. The Court found that the evidence was insufficient to establish the defendant's lascivious intent, stating that "there [wa]s no evidence that the defendant was sexually aroused; that he made any gestures toward himself or to her; that he made any improper remarks to her; or that he asked her to do anything wrong." Id. at 27.

Similar to Breeding and McKeon, appellant exposed himself once in a public place in the presence of a child. However, he did not say anything, did not gesture, did not have an erection, and he maintained a blank expression. When Murray confronted appellant, he turned and exited the store. Even though the Commonwealth may prove lascivious intent through means other

than the four factors stated in Viney and McKeon, it is clear that something more is required than simple exposure in a public place, which is all that transpired here. See id. Thus, upon the facts and circumstances, a reasonable finder of fact could not conclude beyond a reasonable doubt that appellant possessed lascivious intent.[1]

### CONCLUSION

For the foregoing reasons, we reverse appellant's conviction and remand to the trial court for a new trial upon a lesser-included offense, if the Commonwealth be so advised.[2] See Breeding, 213 Va. at 345; McKeon, 211 Va. at 27.

Reversed and remanded.

---

[1] Having concluded that the Commonwealth failed to prove an essential element of the offense and that appellant's conviction must be reversed, we need not consider appellant's alternative argument that the evidence did not prove he intentionally exposed his genitals.

[2] Under Code § 18.2-387, it is a Class 1 misdemeanor to "intentionally make[] an obscene display or exposure of [the] person, or the private parts thereof, in any public place, or in any place where others are present . . . ."