COURT OF APPEALS OF VIRGINIA

Present:    Judges Malveaux, Fulton and Friedman
Argued at Norfolk, Virginia

ERIC LEE DUNFORD-LANDERS

MEMORANDUM OPINION[*] BY
v.        Record No. 1276-21-1          JUDGE FRANK K. FRIEDMAN
JANUARY 31, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Stephen C. Mahan, Judge

Michael A. Castillon, Assistant Public Defender, for appellant.

Lucille M. Wall, Assistant Attorney General (Jason S. Miyares,
Attorney General; Susan Brock Wosk, Assistant Attorney General,
on brief), for appellee.

Eric Lee Dunford-Landers (appellant) appeals his conviction, following a bench trial, of

taking indecent liberties with a child, in violation of Code § 18.2-370(A)(1).  Appellant asserts that

the Commonwealth failed to prove that he knowingly and intentionally exposed his genitalia to a

child under the age of fifteen.  He further contends that the evidence was insufficient to establish

that he acted with lascivious intent.

BACKGROUND

On appeal, "we review the evidence in the 'light most favorable' to the Commonwealth."

*Clanton v. Commonwealth*, 53 Va. App. 561, 564 (2009) (*en banc*) (quoting *Commonwealth v.

Hudson*, 265 Va. 505, 514 (2003)).  That principle requires us to "discard the evidence of the

accused in conflict with that of the Commonwealth, and regard as true all the credible evidence

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

favorable to the Commonwealth and all fair inferences that may be drawn therefrom." *Kelly v. Commonwealth*, 41 Va. App. 250, 254 (2003) (*en banc*) (quoting *Watkins v. Commonwealth*, 26 Va. App. 335, 348 (1998)).

On February 4, 2020, at 8:00 a.m., R.N. was driving her children to school when she stopped at a stoplight. As R.N. was looking left at the intersection, R.N.'s son, L.N., stated from the back seat, "that boy has his penis out." R.N. turned and saw appellant standing on the corner touching his exposed penis. R.N. stated that her minivan windows are not tinted so a passenger easily could see out of the windows and an onlooker could see into the minivan. The event occurred in relatively close proximity to an elementary school. R.N. called police dispatch and reported what she had observed.

About thirty minutes later, R.N. saw appellant again less than a mile away from where she first observed him. Appellant was walking behind two middle school girls who were heading toward a school bus stop. R.N. stated that appellant's "pants were pulled down a little so that his penis was out." R.N. slowed down and called police dispatch again. When appellant saw her, he turned and departed down a street that R.N. could not travel while driving. R.N. acknowledged that appellant did not gesture towards her or say anything to her. She also testified that appellant made no gestures toward the minivan when her children were in the back seat. She reiterated that she saw appellant touching his penis but stated she was unable to observe if it was erect.

Virginia Beach Detective Jacquline Savage testified that, as part of her investigation of the incident, she interviewed appellant. The interview occurred on February 17, 2020, in the back of a patrol car, after Dunford-Landers was allegedly involved in another event involving exposure. After Savage advised appellant of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), he stated that "everybody knew what he did, and he didn't want to talk about it." He then admitted that he was masturbating for pleasure on February 17, 2020, but claimed it is "not something [he]

normally do[es]." Appellant also admitted that he may have publicly masturbated "yesterday, maybe today." After that conversation, Detective Savage brought appellant before a magistrate seeking warrants for the February 17 incident, as well as the incident with L.N. on February 4. According to Savage's testimony, appellant admitted to the magistrate that he "only did it those two times." On cross-examination Detective Savage confirmed that, when she initially interviewed him, appellant denied masturbating in public prior to the week of February 17.

Appellant testified that he remembered being in public on the morning of February 4, and admitted that the previous night he had "done some methamphetamines" and was still feeling their effects the next morning. Appellant remembered being at the intersection and stated that he did not remember seeing R.N., L.N., or being near any vehicles that morning. On cross-examination he admitted that he stood on the corner with his penis exposed and that there was traffic in the area. Appellant, however, denied that his hands were on his penis.

After resting his case, appellant argued that the Commonwealth failed to prove he had lascivious intent when L.N. saw him, and failed to show that he knowingly and intentionally exposed his genitals to L.N., or that he even knew L.N. was in the vehicle. The trial court found appellant's testimony incredible and determined that he was "purposely exposing himself for the purpose of prurient or interest or self-gratification or some combination thereof." The trial court denied appellant's motion to strike and convicted him of indecent liberties with a child under the age of fifteen. This appeal follows.

STANDARD OF REVIEW

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (alteration in original) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)). "In such cases, '[t]he Court does not ask

itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

ANALYSIS

This appeal examines the gray area between where "indecent exposure" ends and the offense of "taking indecent liberties with children" begins. We are guided by two statutes. The indecent exposure statute, Code § 18.2-387, states:

> Every person who intentionally makes an obscene display or exposure of his person, or the private parts thereof, in any public place, or in any place where others are present, or procures another to so expose himself, shall be guilty of a Class 1 misdemeanor.

Dunford-Landers' misconduct clearly fits this misdemeanor offense—but he is not charged with it, nor is indecent exposure considered a lesser-included offense of taking indecent liberties with children. *Simon v. Commonwealth*, 58 Va. App. 194 (2011).

Instead, Dunford-Landers was convicted of "taking indecent liberties with children" which is defined as:

> A. Any person 18 years of age or over, who, *with lascivious intent, knowingly and intentionally* commits any of the following acts *with* any child under the age of 15 years is guilty of a Class 5 felony:

(1) Expose his or her sexual or genital parts to any child to whom
such person is not legally married or propose that any such
child expose his or her sexual or genital parts to such person; or

(2) [Repealed.]

(3) Propose that any such child feel or fondle his own sexual or
genital parts or the sexual or genital parts of such person or
propose that such person feel or fondle the sexual or genital
parts of any such child; or

(4) Propose to such child the performance of an act of sexual
intercourse, anal intercourse, cunnilingus, fellatio, or anilingus
or any act constituting an offense under § 18.2-361; or

(5) Entice, allure, persuade, or invite any such child to enter any
vehicle, room, house, or other place, for any of the purposes set
forth in the preceding subdivisions of this subsection.

Code § 18.2-370 (emphasis added).

This charge constitutes a Class 5 felony carrying up to ten years' incarceration. *See* Code § 18.2-10. Code § 18.2-370 specifies that a defendant must act knowingly and intentionally and that the act must involve lascivious intent with a child in order to constitute a violation. When a statute requires that an offense "consist of an act combined with a particular intent, that intent is just as necessary to be proved as the act itself, and must be found as a matter of fact before a conviction can be had." *McKeon v. Commonwealth*, 211 Va. 24, 26 (1970). "No intent in law or mere legal presumption, differing from the intent in fact, can be allowed to supply the place of proof of the requisite specific intent." *Id.*

A. Did appellant possess the requisite lascivious intent?

The Supreme Court has defined the term "lascivious intent" as describing "a state of mind that is eager for sexual indulgence, desirous of inciting to lust or of inciting sexual desire and appetite." *Dietz v. Commonwealth*, 294 Va. 123, 136 (2017) (quoting *Viney v. Commonwealth*, 269 Va. 296, 299 (2005)). The Court has listed factors that the prosecution may utilize when demonstrating whether a defendant possesses lascivious intent. *Viney*, 269 Va. at

- 5 -

300 (citing *McKeon*, 211 Va. at 27). Those factors include: (1) whether "the defendant was sexually aroused; (2) whether the defendant made sexual gestures toward himself or to the child; (3) whether the defendant made improper remarks to the child; or (4) whether the defendant asked the child to do something wrong." *Id.* The list is not exhaustive, and "the Court has not held that proof of one of the four factors is a prerequisite to a finding of lascivious intent." *Mason v. Commonwealth*, 40 Va. App. 39, 50 (2006).

There are numerous Virginia cases in which the Court determined that lascivious intent was not present when an accused knowingly showed his genitals, in an unaroused state, to a minor. For example, in *Breeding v. Commonwealth*, 213 Va. 344, 344-45 (1972), the Supreme Court found that the accused did not possess lascivious intent when two young girls approached his vehicle and saw what they referred to as his "privacy." In finding the appellant not guilty, the Court reasoned that the appellant "made no suggestive remarks or gestures and there was no evidence that he was sexually aroused." *Id*. at 345. Similarly, in *McKeon*, 211 Va. at 24-25, the defendant called a neighbor child over while he stood in an open robe revealing his "private parts" which were not "aroused." The Court, again, found an absence of lascivious intent and reversed the defendant's conviction.[1]

Using the *McKeon* factors—sexual arousal, sexual gestures, and improper remarks or requests—the appellant argues here that lascivious intent was not established. While appellant is correct that his actions did not meet any of the *McKeon* factors, these factors are not a

---

[1] In *Steggall v. Commonwealth*, No. 1903-18-2, slip op. at 2 (Va. Ct. App. Nov. 5, 2019), the accused stood ten feet away from a mother and her young daughter in a store; he was emotionless and unaroused with his pants down and his genitalia in full view of the child. He left without uttering a word or gesturing; this Court reversed his conviction based on the absence of evidence of lascivious intent, and stated: "it is clear that something more is required than simple exposure in a public place, which is all that transpired here." *Id.* at 6.

prerequisite to a finding of lascivious intent. *See Mason*, 40 Va. App. at 50. Here, other factors are present which support a finding of lascivious intent.

First, there were several pieces of damaging testimony that distinguish this case from the decisions upon which appellant seeks to rely. Appellant, himself, stated that he masturbated in public for sexual gratification occasionally. According to Detective Savage, when the incidents of February 4 and 17 were described to the magistrate, appellant admitted that he "only did it those two times." While that statement is general and does not include a specific admission as to the February 4 incident, when viewing the evidence in the light most favorable to the Commonwealth—as we must do on an appeal of the sufficiency of the evidence—this statement could reasonably be interpreted as an admission of self-gratification and lascivious intent during the events of February 4.

Second, half an hour after revealing his penis on the street corner near an elementary school, appellant was again spotted, similarly exposed, following middle school girls near a school bus stop.[2] He turned and walked away when he saw R.N. watching him. *See Johnson v. Commonwealth*, 12 Va. App. 150, 153 (1991) (finding that flight from the scene was "some evidence of guilty knowledge"). Our deferential standard of review "applies not only to findings of fact, but also to any reasonable and justified inferences the fact-finder may have drawn from the facts proved." *Vasquez*, 291 Va. at 248-49 (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010)). Here, the totality of appellant's behavior supports a reasonable inference that he was exposing himself with lascivious intent.

Further, Dunford-Landers testified that he remembered standing on the sidewalk with his penis exposed, but denied remembering seeing either R.N. or L.N. and denied touching his penis.

---

[2] While evidence regarding appellant's following school girls while exposing his penis was provided at trial, Dunford-Landers was not charged regarding this incident.

The trial court, however, made the explicit factual finding that Dunford-Landers' testimony was incredible. "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." *Brown v. Commonwealth*, 75 Va. App. 388, 414 (2022) (quoting *Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998)).

The trial court made a specific factual finding that appellant possessed the requisite lascivious intent. Under the facts of this record, the trial court's finding that Dunford-Landers acted with lascivious intent is supported by the evidence and, accordingly, must stand.

B. Did appellant knowingly and intentionally expose himself to a child?

Appellant asserts that he did not know, nor should he have known, that there was a reasonable probability that a child under the age of fifteen would see his exposed genitalia and that "[t]he mere fact that he was standing at the stoplight at approximately 8:00 o'clock in the morning is insufficient to show that there was a reasonable probability that L.N. would see appellant exposed." He further argues that there is no evidence to suggest that he observed L.N. in the vehicle or that he was aware of L.N.'s presence.

Under the governing statutory language: "Any person 18 years of age or over, who, with lascivious intent, knowingly and intentionally . . . [e]xpose[s] his or her sexual or genital parts to any child to whom such person is not legally married" is guilty of a Class 5 felony. Code § 18.2-370(A)(1). Appellant's suggestion that he did not know L.N. would see him is insufficient to overcome the conviction. If there is a "reasonable probability" that a child will see a defendant's genitalia, the child's "actual perception of such a display" is not required. *Siquina v. Commonwealth*, 28 Va. App. 694, 697-99 (1998) (affirming indecent liberties conviction where the victim had a "reasonable probability" of seeing the defendant's genitalia

- 8 -

when they were in a bathroom together and the defendant's "pants and underwear were pulled down to his feet").

In *Ele v. Commonwealth*, 70 Va. App. 543, 553 (2019), the defendant was masturbating inches away from a child's face for an extended period while the child slept. We found that the evidence was sufficient to establish a reasonable probability that the child would awaken and see the defendant's exposed penis. *Id.* Similarly, in *Holley v. Commonwealth*, 38 Va. App. 158, 164-65 (2002), we found that there was sufficient evidence that the defendant exposed himself in the presence of children where adults observed him "standing at his glass doors naked and touching his genitals while the children were outside" because a "reasonable probability exist[ed] that [he] might be seen by [the children]."

Here, appellant stood with his genitalia exposed at a busy intersection in the close vicinity of a school on a Tuesday morning around the time students were being transported to school. R.N. drove by appellant and stopped at the corner before making a right-hand turn. While stopped, L.N. saw appellant with his penis in his hand. Minutes later, R.N. saw him again, similarly exposed, following middle school girls toward a school bus stop. Upon being witnessed by R.N., appellant fled down a path that R.N.'s car could not follow.

The Commonwealth concludes that since a child did see Dunford-Landers' penis, there was obviously a "reasonable probability" that a child would witness his public display. However, we reject the notion that any act of indecent exposure can be transformed into a conviction for indecent liberties with a child upon the mere happenstance of a car containing a child randomly passing by.

Nonetheless, we find that a fact finder could properly conclude, on this record, that there was a reasonable probability that appellant's acts of exposure would be seen by a child. *See Holley*, 38 Va. App. at 164-65. Appellant revealed his genitalia on a street corner in close

- 9 -

proximity to an elementary school at a time when children would be arriving at school. Only thirty minutes later, he again exposed his penis while following school girls heading to a bus stop. "Intent, like any element of a crime, may, and usually must, be proved by circumstantial evidence such as a person's conduct and statements. The statements and conduct of an accused after the events that constitute the charged crime may also be relevant circumstantial evidence of intent." *Simon*, 58 Va. App. at 206. While appellant testified that he did not remember seeing a child as he exposed himself on the street corner, the trial court specifically found his testimony to be incredible.[3] We conclude that, under these circumstances, the evidence was sufficient to permit the finder of fact to determine that appellant knowingly and intentionally exposed his penis in violation of Code § 18.2-370(A)(1).

## CONCLUSION

The evidence was sufficient to support the trial court's conviction of appellant for indecent liberties with a child under the age of fifteen. Accordingly, we affirm the conviction.

*Affirmed.*

---

[3] The statute does require that the violative act, such as exposure, be committed "with" a child. The statute then lists prohibited acts such as exposing one's genitals "to" any child. *See supra* at 4-5. The preposition "with" suggests that the child is an object or target of the attention or behavior. *See State v. Muccio*, 890 N.W.2d 914 (Minn. 2017). Again, given the trial court's finding that appellant's denials were incredible, and in light of the evidence of appellant exposing himself to school girls at a bus stop shortly after exposing his penis on a street corner near an elementary school at a time students would be arriving, a reasonable fact finder could conclude that appellant's conduct met this requirement.